UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

Plaintiff,

v.                                         CAUSE NO. 3:19CV1097-PPS/MGG

WEXFORD MEDICAL SERVICES,

Defendant.

OPINION AND ORDER

Donald J. Stanley, an inmate at the Westville Correctional Facility, filed a complaint because he has been denied access to his Continuous Positive Airway Pressure (CPAP) machine, used to treat sleep apnea, since October 13, 2019. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Stanley alleges that, when he initially arrived at the Westville Correctional Facility, he was permitted to use his CPAP machine. However, when he was transferred to the Westville Control Unit on October 13, 2019, he was no longer permitted to use it. As a result, he worries that he will stop breathing in his sleep.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Stanley has sued only Wexford Medical Services, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Thus, to the extent that Stanley's allegations against Wexford are based only on the poor decisions that its staff made in connection with his care, I cannot permit him to proceed against Wexford. To the extent that he is alleging that Wexford is liable because he has an unconstitutional policy that caused him to suffer, I

cannot permit him to proceed because he has not identified any particular policy or custom of Wexford that is unconstitutional.

While I will not permit Stanley to proceed against Wexford, the Warden of the Westville Correctional Facility has both the authority and the responsibility to ensure that Stanley receives constitutionally adequate medical treatment for his sleep apnea. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Accordingly, I will instruct the clerk to add the Warden as a defendant, and I will permit Stanley to proceed against the Warden in his official capacity for injunctive relief.

ACCORDINGLY, the court:

(1) DIRECTS the Clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(2) GRANTS Donald J. Stanley leave to proceed against the Warden of the Westville Correctional Center in his official capacity for injunctive relief to provide Stanley with adequate treatment for his sleep apnea, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Wexford Medical Services;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the Warden of the Westville Correctional Facility respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(7) ORDERS the Warden of the Westville Correctional Facility to file a declaration indicating how Donald J. Stanley's sleep apnea is being treated in a manner that comports with the Eighth Amendment, along with his answer.

SO ORDERED on December 2, 2019.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT