UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

Plaintiff,

v.

CAUSE NO. 3:19CV1097-PPS/MGG

WEXFORD MEDICAL SERVICES,

Defendant.

OPINION AND ORDER

Donald J. Stanley, an inmate at the Westville Correctional Facility, filed a complaint alleging that he has been denied access to his Continuous Positive Airway Pressure (CPAP) machine, used to treat sleep apnea, since October 13, 2019. I granted him leave to proceed on a single claim against the Warden of the Westville Correctional Center in his official capacity for injunctive relief to provide Stanley with adequate treatment for his sleep apnea, as required by the Eighth Amendment. He now alleges that he has been retaliated against, and he has filed a motion seeking a preliminary injunction because of that retaliation.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City*

*of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). It is true that every inmate is entitled to receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, before an inmate can obtain injunctive relief, he must make a clear showing that the medical care he is receiving violates the Eighth Amendment prohibition on cruel and unusual punishment. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Stanley's complaint alleges that, when he was transferred to the Westville Control Unit on October 13, 2019, he was no longer permitted to use his CPAP machine. Without the CPAP machine, he worries that he will stop breathing in his sleep. In the motion now before me, Stanley seeks an injunction because he alleges that he is being retaliated against. He seeks an order that: (1) he be provided with his legal mail in a timely manner; (2) he have access to law library resources; (3) prohibits his transfer to another facility; (3) prohibits prison staff from disrupting him while using his CPAP machine; (4) permits him to have the supplies necessary to utilize his CPAP machine; and (5) directs prison staff to provide him with a prison job.

Most of the relief Stanley seeks falls outside the scope of the claim he was granted leave to proceed on – a claim for adequate treatment for his sleep apnea. The

only allegations in the motion for preliminary injunction related to his sleep apnea treatment are that on July 20, 2019, an officer turned off his CPAP while he was using it and attempted to take the distilled water that he needs for his machine. I cannot find that Stanley will suffer irreparable harm in the absence of an injunction based on this single isolated incident from nearly five months ago. Furthermore, it appears that Stanley is once again using his CPAP machine. If so, then he is likely receiving all the medical care that the Eighth Amendment requires for his sleep apnea, and I cannot find that he has a sufficient likelihood of success to warrant a preliminary injunction.

Lastly, Stanley alleges that, due to his need for CPAP treatment, he may be transferred to a different facility. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. If a transfer allows the IDOC to better meet Stanley's medical needs, the Constitution does not prohibit that transfer.

ACCORDINGLY:

Plaintiff Donald J. Stanley's motion for a preliminary injunction (ECF 6) is DENIED.

SO ORDERED on December 16, 2019.

    /s/ Philip P. Simon  
    UNITED STATES DISTRICT JUDGE