UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

Plaintiff,

v.

CAUSE NO. 3:19-CV-1097-PPS-MGG

WEXFORD MEDICAL SERVICES,

Defendant.

OPINION AND ORDER

Donald J. Stanley, an inmate at the Westville Correctional Facility, filed a second motion seeking a preliminary injunction. (ECF 10.) In this case, Stanley is proceeding against the Warden of the Westville Correctional Facility on a single claim under the Eighth Amendment for injunctive relief to provide Stanley with adequate treatment for his sleep apnea. In his second motion seeking a preliminary injunction, Stanley does not seek an order concerning medical care for his sleep apnea – the only relief available to him for the claim he is proceeding on. Instead, he alleges that he has been retaliated against in a variety of ways and seeks an injunction to prevent further retaliation.

I've already explained to Stanley that "[a] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims;

(2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015).

As with his first request for a preliminary injunction, Stanley again seeks relief that falls outside the scope of the claim he was granted leave to proceed on – the claim for adequate treatment for his sleep apnea. Furthermore, Stanley makes no mention of being denied the use of his CPAP machine. Thus, I cannot find that he has a sufficient likelihood of success on the claim he is proceeding on to warrant a preliminary injunction.

If Stanley wishes to raise claims other than those included in his original complaint (ECF 1), he may file an amended complaint. *See* Fed. R. Civ. P. 15(a)(1)(B). Should he choose to amend his complaint, the amended complaint must contain all of his claims against all of the defendants he is suing. *See* N.D. Ind. L.R. 15-1(b)(1) (requiring that an amended complaint contain "the entire pleading as amended…"). To file an amended complaint, Stanley needs to put the cause number of this case on a Prisoner Complaint (INND Rev. 8/16) form, which is available in his prison law library. After completing the form, he needs to send it to the clerk.

Stanley has also filed a motion asking for a hearing regarding how his sleep apnea will be treated. (ECF 8.) While Stanley was granted leave to proceed against Warden Galipeau on a claim for injunctive relief, the court did not determine that preliminary injunctive relief was warranted. While Stanley has filed a motion for preliminary injunction, as indicated above, the motion does not seek treatment for his sleep apnea. A hearing is unnecessary at this time. Furthermore, at this juncture, the

record does not demonstrate that Warden Galipeau has been served (ECF 5; ECF 9), so the request is also premature.

ACCORDINGLY:

Plaintiff Donald J. Stanley's request for a hearing (ECF 8) and request for a preliminary injunction (ECF 10) are DENIED.

SO ORDERED on January 14, 2010.

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT