UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

    Plaintiff,

    v.       CAUSE NO. 3:19CV1097-PPS/MGG

WEXFORD MEDICAL SERVICES,

    Defendant.

## OPINION AND ORDER

Donald J. Stanley, an inmate at the Westville Correctional Facility, filed a third motion seeking a preliminary injunction. ECF 30. In this case, Stanley is proceeding against the Warden of the Westville Correctional Facility on a single claim for injunctive relief to provide Stanley with adequate treatment for his sleep apnea, as required by the Eighth Amendment. In his third motion seeking a preliminary injunction, he indicates that his Continuous Positive Airway Pressure (or CPAP) device was taken away from him on April 14, 2020.

I've already explained to Stanley — indeed, twice now — that "[a] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he

has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015).

The Warden has responded to Stanley's motion by indicating that Stanley was ordered not to use his CPAP machine for a period of fourteen days because he was being tested for and was later diagnosed with Covid-19. The CPAP machine was perceived by Dr. Liaw, a physician working at the Westville Correctional Facility, to increase the risk of spreading Covid-19 to other inmates and staff because it circulates air and water around the nose and face of its user. After further consultation, Dr. Liaw determined that the risk to others could be minimized by removing humidifiers from the CPAP machines. Offenders with more serious sleep apnea were permitted to begin using their CPAP machines again, but offenders like Stanley with only mild sleep apnea were prohibited from using their CPAP machines until the fourteen-day period (the presumptive period during which an individual with Covid-19 poses a risk of infecting others) had passed. The fourteen-day period expired on May 2, 2020, and Stanley is no longer prohibited from using his CPAP machine. Thus, it appears that his concern has now been addressed and that his third motion for preliminary injunction is now moot.

ACCORDINGLY:

Plaintiff Donald J. Stanley's third requests for a preliminary injunction (ECF 30) is DENIED.

SO ORDERED on May 5, 2020.

　　　　　　　　　　　　　　　　　　/s/ Philip P. Simon
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE