UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

    Plaintiff,

    v.                              CAUSE NO. 3:19CV1097-PPS/MGG

WARDEN,

    Defendant.

## OPINION AND ORDER

Donald J. Stanley, a prisoner without a lawyer, was initially granted leave to proceed on a single Eighth Amendment claim against the Warden of the Westville Correctional Center for injunctive relief to provide Stanley with adequate treatment for his sleep apnea. ECF 4. The Warden now seeks summary judgment on the grounds that Stanley failed to exhaust his administrative remedies. Stanley has since amended his complaint with additional claims. ECF 25. But this opinion only addresses whether Stanley exhausted his original claim relating to sleep apnea.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v.*

*Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

The grievance policy for the Indiana Department of Correction is an onerous multi-step process. Each offender is advised of the procedure during orientation, and a copy of the procedure is available at the law library. ECF 25-1 at ¶¶ 14-15. It provides that, before filing a grievance, an offender is required to attempt to resolve a complaint informally. ECF 25-1 at ¶ 10; ECF 25-2 at 8-9. The offender must also "provide evidence (e.g., 'To/From' correspondence, State Form 36935, 'Request for Interview') of the attempt." ECF 25-2 at 8-9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance. ECF 25-1 at ¶ 10; ECF 25-2 at 9-11. The grievance specialist must review the grievance within five business days and either accept it or reject it. ECF 25-2 at 10. If rejected, the grievance is returned to the offender with an explanation and information on how it may be corrected using State Form 45475. *Id.*

If unsatisfied with the response to the formal grievance, an offender may appeal to the Warden or his designee using State Form 45473 "Offender Grievance Appeal" within five days of receiving a response or, if no response is received, within twenty business days of submitting the grievance. *Id.* at 11. Finally, if an inmate is still dissatisfied with the response to the appeal, he must check the "disagree" box, sign, and submit the completed State Form 45473 "Offender Grievance Appeal" to the Offender Grievance Specialist within five business days of receipt of the appeal response. *Id.* at 12.

On October 22, 2019, Stanley filed a health care request form asking for access to his CPAP machine, used to treat his sleep apnea. ECF 17-1 at 103. He wrote "Informal Grievance" across the top of that form. *Id.* The form was marked as received on October

3

23, 2019. *Id.* Stanley submitted a formal grievance regarding his need for a CPAP machine on October 27, 2019. ECF 25-4. That grievance clearly indicated that he previously submitted both an informal grievance and a medical request, but neither had been returned to him. *Id.* It says "Informal Grievance <u>NOT</u> returned[.] Medical Request <u>NOT</u> returned[.]" *Id.* Stanley filed another health care request form regarding his CPAP machine on October 31, 2019, again indicating that it was an informal grievance on the top of the form. ECF 17-1 at 102. On November 12, 2019, Stanley's grievance was rejected. ECF 25-5. The return of grievance form indicates that:

> There is no indication that you tried to informally resolve your complaint. If you have tried to resolve it informally, please fill out the grievance form to indicate that. If you have not tried to resolve it informally, you have five (5) days to begin that process.

*Id.* The return of the grievance form also indicates that there was "[n]o supporting documentation attached." *Id.* Attached to the return of grievance form was a memo that provided the following:

> Mr. Stanley, I contacted Ms. Hess, Wexford Regional Manager, on your behalf. Per Ms. Hess, you were on suicide [watch] from 10-10-19 through 10-17-19. Your CPAP was taken so that you could not harm yourself with any of the parts or the cord. Since being in WCU, it has not been allowed for the same reasons. Ms. Hess also reported that she has not received any other communication from [] you nor could she find any HCRs from you, related to the CPAP machine.

ECF 25-5. Upon receipt of the return of grievance, Stanley filed additional healthcare requests. ECF 17-1 at 97-101. However, he did not refile his formal grievance within five days of the return of grievance. Instead, he initiated this lawsuit. ECF 1.

Here, the Warden does not dispute that Stanley filed a health care request that was labeled as an informal grievance prior to filing his formal grievance. The Warden also does not argue that the health care request was somehow insufficient to satisfy

4

Stanley's obligation to resolve his complaint informally. Instead, the Warden argues that Stanley did not comply with the grievance policy because he did not provide documentation showing that he had attempted to *informally* resolve his complaint. Furthermore, when he was provided with an opportunity to complete the informal grievance process or provide additional information, he did not avail himself of that opportunity.

The problem is that Stanley did not have documentation of his attempt to informally grieve because the health care request form had not been returned to him – a matter outside of his control. The grievance itself makes that clear. Prison staff rejected Stanley's grievance because there was "no indication that [he] tried to informally resolve [his] complaint" and was told that, if he had attempted an informal resolution, he should "fill out the grievance form to indicate that." ECF 25-5. *Id.* Stanley had already done just that. Perhaps Stanley could have documented his additional attempts to informally resolve his complaint and provided that documentation, along with a revised formal grievance, within five days. Perhaps he could have revised his grievance to provide additional information about when and how he submitted his informal grievance, so that prison staff could try again to locate it. Nonetheless, he did in fact attempt to resolve his grievance informally, and he said as much in his formal grievance. He did this in his health care request as well. That is all that is required. That Mr. Hess was unable to locate the health care request form that Stanley, without

5

question, submitted, does not demonstrate that Stanley failed to comply with the grievance process. It demonstrates that the grievance was erroneously rejected.[1]

ACCORDINGLY:

The Warden's motion for summary judgment (ECF 25) is DENIED as to Stanley's claim for injunctive relief to provide Stanley with adequate treatment for his sleep apnea.

SO ORDERED on November 4, 2020.

    /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

---

[1] Stanley also suggests that he should be excused from the exhaustion requirement because he was having a medical emergency. Because I've found that Stanley exhausted the administrative remedies that were available to him, this argument will not be addressed.