UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

Plaintiff,

v.

WARDEN,

Defendant.

CAUSE NO. 3:19CV1097-PPS/MGG

OPINION AND ORDER

Donald J. Stanley, an inmate at Westville Correctional Facility, is proceeding against the Warden of the Westville Correctional Center in his official capacity for injunctive relief to provide Stanley with adequate treatment for his sleep apnea, as required by the Eighth Amendment. Following the filing of Stanley's fifth motion for preliminary injunction, I held a telephonic conference. At that conference, I admonished both parties the way they've conducted themselves during this litigation. Counsel for the defendant told Stanley that, if he had further issues that he felt warranted the filing of a motion for preliminary injunction, he should contact her prior to filing the motion to see if they could resolve the matter.

Stanley has now filed a sixth motion for preliminary injunction. In this motion, Stanley seeks an order that custody staff not be able to handle his CPAP machine unless medically necessary. His request stems from an incident on January 17, 2021. Stanley asserts that a guard threw his property around his room and moved his CPAP machine to his bed. He then discovered that the mask to his CPAP machine was broken. He must

now wait to receive a replacement mask. There is no indication that Stanley reached out to counsel for the defendant prior to filing this motion. Counsel may have been able to assist Stanley in obtaining a replacement mask in an expeditious manner. However, as I already noted, Stanley seeks much more than a replacement mask: he asks the court to order that custody staff not be allowed to handle his CPAP machine unless medically necessary.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Additionally,

[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Stanley has not demonstrated a likelihood of success on the merits, irreparable harm, or that the balance of equities weighs in his favor. To establish an Eighth Amendment claim for constitutionally inadequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). While Stanley has an Eighth Amendment right to constitutionally adequate medical treatment for his sleep apnea, the record suggests that he has been receiving adequate treatment with a CPAP machine. Damage to a piece of Stanley's equipment does not demonstrate deliberate indifference to his right to treatment. While Stanley presumably cannot use his CPAP machine while awaiting a replacement mask, he has produced no evidence from which I can conclude that he will suffer irreparable harm from whatever brief delay is needed to replace his equipment. And, even if Stanley had demonstrated both a likelihood of success on the merits and irreparable harm, he still could not prevail on this motion because it is essential that custody staff be able to search inmates' cells – and handle inmates' property - for security reasons. The risk of damage to medical equipment is not so great that it outweighs the need for custody staff to execute their judgment in searching an inmate's property as they deem necessary.

Stanley is again admonished that a preliminary injunction is an extraordinary remedy. It is a misuse of judicial resources to seek one every time an issue arises at the prison. He must first seek to resolve his issue with the prison directly counsel for the defendant. Only if these efforts fail should he seek injunctive relief from me. And then,

when he does, he must outline the efforts he has made to resolve the matter without my

intervention.

ACCORDINGLY:

Plaintiff Donald J. Stanley's sixth motion for preliminary injunction (ECF 76) is

DENIED.

SO ORDERED on January 25, 2021.

  /s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT