UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

    Plaintiff,

v.

WARDEN, et al.,

    Defendants.

CAUSE NO. 3:19CV1097-PPS/MGG

OPINION AND ORDER

Donald J. Stanley, a prisoner without a lawyer, is proceeding in this case against three defendants. Of relevance here, Stanley is proceeding "against Dr. Jackson in his individual capacity for monetary damages on his claim that Dr. Jackson was deliberately indifferent to Stanley's pain associated with headaches during a medical appointment in February 2020, in violation of the Eighth Amendment . . .." ECF 55 at 11.[1] Dr. Jackson moved for summary judgment, arguing that Stanley did not exhaust his administrative remedies before filing suit. ECF 79. Stanley filed a response. ECF 84. Dr. Jackson filed a reply. ECF 87. The summary judgment motion is now fully briefed and ripe for ruling.

---

[1] Stanley is also proceeding on claims against two other defendants: "against the Warden of the Westville Correctional Center in his official capacity for injunctive relief to provide Stanley with adequate treatment for his sleep apnea and adequate soap to clean his CPAP machine and provide for his personal hygiene, as required by the Eighth Amendment," and "against Nurse Livers in her individual capacity for monetary damages on his claim that Nurse Livers was deliberately indifferent to his need for treatment with a CPAP machine in April and May of 2020, in violation of the Eighth Amendment . . .." ECF 55 at 10-11. Neither the Warden nor Nurse Livers have moved for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Nevertheless, "[f]ailure to exhaust is an

2

affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Dr. Jackson submits an affidavit from John Harvil, the Grievance Specialist at the Westville Correctional Facility, who attests that Stanley has not exhausted his claim against Dr. Jackson because Stanley "has never filed any informal or formal grievances or appeals related to Dr. Jackson's care of Offender Stanley's headaches." ECF 79-1 at 7-8. Harvil states that Stanley filed Grievance No. 111637 to complain of his February 7, 2020 visit with Dr. Jackson, but asserts that this grievance did not relate to Dr. Jackson's care of Stanley's headaches. *Id.* at 7.

Harvil attaches copies of the records related to Grievance 111637, which show the following. ECF 79-4. In Grievance 111637, Stanley complained that he had attempted to speak with Dr. Jackson about the need to clean and calibrate his CPAP machine during a chronic care visit on February 7, 2020, and that Dr. Jackson had become hostile and had started to yell at Stanley until Stanley asked to leave out of fear that Dr. Jackson would assault him. *Id.* at 7. Grievance 111637 requested as relief that Stanley's CPAP machine be "calibrated by sleep specialist [and] cleaned by sleep specialist." *Id*. The prison responded to Grievance 111637 that Stanley had been instructed "to order dial soap from [commissary] to clean his CPAP machine," and Stanley appealed that he was "indigent and cannot afford to purchase any soap from commissary." *Id.* at 1, 3.

Dr. Jackson argues that Stanley cannot rely on Grievance 111637 as his basis for meeting his exhaustion requirement because it challenges Dr. Jackson's "failure to have

3

his CPAP machine cleaned and calibrated" and "makes no mention of Dr. Jackson's failure to treat his headaches." ECF 80 at 13-14. Stanley files a one paragraph response, which does not specifically address Grievance 111637. *See* ECF 84. Instead, Stanley states only that "he did exhaust his administrative rights in regards to treatment of his headaches" and that "this issue would best be settled at a *Pavey*[2] hearing." *Id.* at 1. Because Stanley offers no facts or details explaining how he exhausted his remedies or what disputes would be resolved at a *Pavey* hearing, his response is insufficient to create a material dispute of fact. *See Goodman*, 621 F.3d at 654; *Trade Fin. Partners*, 573 F.3d at 407. Moreover, it is clear from the record that Stanley cannot rely on Grievance 111637 to show that he exhausted his remedies against Dr. Jackson, as Grievance 111637 does not relate to Stanley's claim that Dr. Jackson "was deliberately indifferent to Stanley's pain associated with headaches." *See* ECF 55 at 11; *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it). For these reasons, I accept as undisputed that Stanley never filed any grievance related to Dr. Jackson's treatment of his headaches.

    Thus, the undisputed evidence shows that Stanley did not exhaust his administrative remedies regarding his deliberate indifference claim against Dr. Jackson. Therefore summary judgment must be granted in favor of Dr. Jackson. Because Nurse

---

[2] *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Livers and the Warden have not moved for summary judgment, Stanley may proceed against those defendants on the claims previously permitted to go forward. ECF 55.

ACCORDINGLY, the court:

(1) GRANTS Dr. Jackson's summary judgment motion (ECF 79);

(2) DISMISSES Donald Stanley's claim against Dr. Jackson without prejudice; and

(3) REMINDS the parties Donald Stanley is proceeding in this case only on the two remaining claims against the Warden and Nurse Livers.

SO ORDERED on April 13, 2021.

                                                    /s/ Philip P. Simon  
                                                    JUDGE  
                                                    UNITED STATES DISTRICT COURT